UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL MAXIE,                )
                              )
         Petitioner,          )
                              )   Case No. 3:14-CV-1444 JD
    v.                        )
                              )
SUPERINTENDENT,               )
                              )
         Respondent.          )

OPINION AND ORDER

Michael Maxie, a *pro se* prisoner, filed a habeas corpus petition attempting to challenge his convictions and eight year sentence by the Elkhart Superior Court under cause number 20D01-0812-FC-102. Maxie raises four grounds for habeas relief, but the respondent argues that they are all procedurally defaulted because none of them were previously submitted to the Indiana Supreme Court. "To avoid procedural default, a habeas petitioner must fully and fairly present his federal claims to the state courts." *Anderson v. Benik*, 471 F.3d 811, 814-15 (7th Cir. 2006) (quotation marks and citation omitted).

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts. *Baldwin v. Reese*, 541 U.S. 27 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). "Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in the federal habeas proceeding does it make sense to speak of the exhaustion of state remedies." *Id.* at 276. Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. *Boerckel*, 526 U.S. at 845. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory. *Ibid*.

*Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004) (parallel citations omitted).

The four claims raised by Maxie in this habeas corpus petition are:

> 1. Trial Counsel's Peter Todd, former (ATTY) R. Sniadecki, M. Voirol, and Appellant Counsel April Seller violated Plaintiff U.S. Const. V. And VI Amend Rights to Effective Assistance of Counsel.
> 2. Trial Court erred when notified of a Potential Conflict of Interest of Trial Counsel Voirol before trial, and did not inquire into the Potential Conflict of Interest, that Violated Plaintiff Michael Maxie U.S. Const.V,and VI Amend Rights.
> 3. Plaintiff Michael Maxie U.S. Const. V. Amend Rights was violated of double jeopardy protection.
> 4. Prosecutorial Vindictiveness Claim.

DE 1 at 3, 7, 9, 12.

Maxie filed a direct appeal which ended when the Indiana Supreme Court denied transfer on February 29, 2012. He also filed a post-conviction relief petition, but when the trial court denied it on April 22, 2014, he did not appeal. Therefore, none of the claims raised during his post-conviction relief proceeding were exhausted. During his direct appeal, Maxie raised three issues to the Court of Appeals of Indiana:

> I. The trial court erred when it denied the public defender's motion to withdraw.
> II. The evidence was insufficient to support the conviction for interference with the reporting of a crime.
> III. Defense counsel rendered ineffective assistance when she did not present any mitigating evidence at sentencing.

DE 18-4 at 2. In his Petition to Transfer, he raised one issue:

> The Indiana Court of Appeals has affirmed the trial court's decision. The Court of Appeals has so significantly departed from accepted law or practice or has sanctioned such a departure by a trial court to warrant the exercise of supreme court jurisdiction which it is a question of a amendment rights violation that is unconstitutional of V & IV in questioning.

DE 18-7 at 2.

Even to the extent that his Petition to Transfer was sufficient to incorporate by reference the three claims raised to the Court of Appeals of Indiana, none of them are the same as any of the four claims raised in this habeas corpus petition. However, because two of them appear similar, it is

worth noting the differences. In this habeas corpus petition, Maxie asserts that his four lawyers were ineffective for various reasons. However, he makes no mention of the one alleged instance of ineffective assistance related to mitigating evidence at sentencing that was raised during his direct appeal. In this habeas corpus petition, he argues that one of his trial counsel had a conflict of interest. However, this is unrelated to the claim raised on direct appeal that his lawyer should have been permitted to withdraw because Maxie "fail[ed] to cooperate with counsel" and the "attorney-client relationship . . . had so deteriorated it was practically non-existent." DE 18-4 at 16. Thus, because none of his claims were presented to the Indiana Supreme Court, all of them are procedurally defaulted.

Though in exceptional circumstances, it is possible to excuse procedural default, Maxie has not responded and the deadline for doing so has passed – even though he was granted two enlargements of time and has had more than five months to do so. As such, he has not provided any basis for excusing his procedural default in this case.

For the foregoing reasons, the habeas corpus petition is **DENIED**.

SO ORDERED.

ENTERED: April 17, 2015

                                                /s/ JON E. DEGUILIO
                                                Judge
                                                United States District Court